Grafton,
No. 4369.

READE GOODWIN *v.* RALPH BEAN *& a.*

Argued February 1, 1955.

Decided February 25, 1955.

*Sulloway, Jones, Hollis & Godfrey* and *Irving H. Soden* (*Mr. Soden* orally), for the plaintiffs.

*Sheehan, Phinney & Bass, Robert A. Jones* and *Maynard & Batchelder* (*Mr. Phinney* orally), for the defendants.

LAMPRON, J. Reade Goodwin, 15 years of age at the time, sustained serious personal injuries when a toboggan on which he and two other boys were riding, on a slope to the rear and east of the inn operated by the defendants, went into a hole at the foot of the slope at about its southwest corner. Plaintiff accompanied by four high school friends had arrived at the inn as guest for a weekend of winter sports at about 10 P. M., on February 1. The accident happened about midnight.

An important issue in the case is whether the accident happened on a part of defendants' premises which they should have foreseen that the plaintiff as an invitee would understand was for his use. *Holmes* v. *Stores*, 95 N. H. 478, 481; *Rau* v. *Stores*, 97 N. H. 490, 495. On this issue of the scope of the invitation Reade testified that before he and his friend Elliott went out tobogganing for a second time that night before the accident the following took place. "First I asked him [Ralph Bean] if it was all right if we went out tobogganing, and he said 'yes, but don't ski.' Then we said, 'Well, we'd like the lights put on' and he said 'All right,' and they were put on."

When Bean was asked if he remembered this conversation he said that he did not, also that he did not deny what Reade and Elliott (who corroborated Reade's testimony) said was true but that he did not remember.

Marr testified, over plaintiffs' objection, that before the accident two of the boys, but he is not sure if Reade was one of them, talked with Bean and one of them asked the defendant "if they could use the toboggan, and he [Bean] said 'Definitely, no. It's too late.' " Another witness named Bartlett testified, also over objection, that before the accident a young fellow came through the door to the ski room where she was, "inquiring for the use of a toboggan" and "he [Bean] said they couldn't take the toboggan out at that hour."

What if any conversation took place between Reade and Bean relative to permission to toboggan pertained to major issues under the substantive law of the case, that is, invitation and contributory negligence. If a bystander who heard the conversation testifies to it his testimony is not hearsay because he is giving the facts directly upon his own credit. His testimony would be hearsay only if he were giving an account of what another told him did transpire and was offering it to evidence the truth of the other's report. *Caplan* v. *Caplan*, 83 N. H. 318, 325; 5 Wig. Ev. (3rd *ed.*), s. 1361; McCormick, Evidence, 462.

On the evidence it could be found that the conversations testified to by Marr and Bartlett took place between Bean and Reade or in the latter's presence. The record shows that with the exception of a dishwasher employed there, the only high school age boys at the inn that evening were the five in Reade's party. Reade and Elliott testified directly to having or being present at a conversation with Bean relative to the use of a toboggan while the other three, also witnesses at the trial, made no mention of such a conversation. Marr testified that the conversation he heard was in the lobby and was between Bean and two boys in ski clothes. They were boys in Reade's group but he is not sure whether Reade was one of them. Miss Bartlett, who was in the ski room which opened immediately off the lobby, did not identify the party with whom Bean conversed except to say that "A young fellow came through the door from the outside, the door which leads out onto the back porch and the skating rink, inquiring for the use of a toboggan." Since there was evidence from which it could be found that the conversation took place in Reade's presence, evidence concerning

it was properly admitted and it was for the jury to say on all the evidence whether permission to toboggan was given. See *Sherburne* v. *Brown,* 43 N. H. 80.

Since there was a verdict for the defendants there is no occasion to consider their exceptions to the denial of their motions for a nonsuit and a directed verdict.

*Exceptions overruled.*

All concurred.